IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 06-18-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| DAVID LEE OLANDER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Gregory R. Nyhus
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

      Attorneys for Plaintiff

Amy Baggio
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204

      Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Defendant has been charged in Count One with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and in Count Two with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Before the court is defendant's Motion to Dismiss Count One (#32).

## DISCUSSION

Defendant seeks to dismiss Count One, contending that (1) the statute does not apply to a person who has no intent to barter, trade, gift, or share the images, or alternatively that (2) the statute is unconstitutionally vague.

Olander is accused of using his credit card to access a child pornography website, from which he downloaded images onto his home computer. The indictment reads as follows:

COUNT 1

(Receipt of Child Pornography)

Between January 1, 2005, and January 13, 2005, in the District of Oregon, DAVID LEE OLANDER, . . . did knowingly receive by computer images containing child pornography, as defined in [18 U.S.C. § 2256(8)], which contained visual depictions of actual minors engaged in sexually explicit conduct, having traveled in interstate commerce [in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).]

COUNT 2

(Possession of Child Pornography)

Between January 1, 2005, and January 13, 2005, in the District of Oregon, DAVID LEE OLANDER, . . . did knowingly possess images containing child pornography, as defined in [18 U.S.C. § 2256(8)], located on computer generated media which contained visual depictions of actual minors engaged in sexually explicit conduct, and such items having been mailed, shipped, or transported in

interstate commerce, including by computer [in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).]

Under Count One, pursuant to 18 U.S.C. § 2252(b)(1), he faces a mandatory minimum of five years' imprisonment.  Mere possession, as is charged in Count Two, does not carry a mandatory minimum sentence.

I.    <u>Whether Statute Applies to Olander</u>

Defendant contends that the receipt/distribution portion of the statute does not apply to him because he had no intent to barter, gift, or otherwise share the illegal images, and there is no allegation in the indictment stating otherwise.  The government responds that defendant is asking the court to impose additional criteria that are not required by the receive/distribute provision.

In construing a statute, the court must first consider the text of the provision at issue, as well as the statute as a whole "including its object and policy," in order to determine whether the provision has a plain meaning.  <u>Children's Hosp. and Health Center v. Belshe</u>, 188 F.3d 1090, 1096 (9th Cir. 1999).  If the court concludes that the provision is ambiguous, the court may resort to legislative history to shed light on the meaning of the provision.  <u>Id.</u>

The statute at issue, 18 U.S.C. § 2252A (2005), in sum, criminalizes the following conduct:

(a)    (1)    knowingly mailing, transporting or shipping child pornography;
       (2)    knowingly receiving or distributing child pornography;
       (3)    knowingly
              (A)    reproducing child pornography for distribution; or
              (B)    advertising, promoting, presenting, distributing, or soliciting child pornography;
       (4)    knowingly selling or possessing with the intent to sell child pornography;
       (5)    knowingly possessing any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means; or

Page 3 - OPINION AND ORDER

(6)    knowingly distributing, offering, sending, or providing to a minor any visual
depiction of a minor engaging in sexually explicit conduct in order to induce or
persuade a minor to participate in any activity that is illegal.

Defendant is charged with violating subsections two and five.  However, defendant

argues that the text and context of the statute demonstrate that subsection two–the

receipt/distribution provision–does not apply to his conduct.  He persuasively points out that only

subsection five of the statute–mere possession of child pornography–escapes the five year

mandatory minimum.  According to defendant, the shared characteristic among the subsections

carrying the mandatory minimum sentence of five years, including the receipt/distribution

provision, is that they are directed at criminalizing trafficking behavior.  According to defendant,

one must conclude from this scheme that only subsection five contains no element of intent to

share the images with others.

Defendant recognizes that in order to "possess" the unlawful images one must have

"received" them.  Indeed, the possession provision of the statute itself implies receipt because the

defendant must knowingly possess an illegal image that has been "mailed, or shipped or

transported in interstate or foreign commerce" or "that was produced using materials that have

been mailed, or shipped or transported in interstate or foreign commerce by any means, including

by computer[.]"  18 U.S.C. 2252A(a)(5).  Accordingly, inherent in the possession charge is

receipt of pornography.  However, defendant argues that the court should read the receipt

prohibition in subsection two to have a similar meaning as distribution since the two are grouped

together in the subsection.  In sum, defendant construes the statute to require some allegation of

intent to pass the image along to another person in order for the conduct to fall within the

receipt/distribution provision.

Page 4 - OPINION AND ORDER

Alternatively, defendant argues that the statutory language is ambiguous, requiring the court to resort to legislative history. As proof of the ambiguity, defendant refers to dictionary definitions to attempt to define "possess" and "receive." "Receive," according to Webster's Third New International Dictionary, is defined to mean "to take possession or delivery of," and "to come into possession: acquire." Def.'s Mem. in Supp. of Mot. to Dismiss at 9. "Possession," in turn, is defined to mean "the act or condition of having in or taking into one's control or holding at one's disposal." Id. Applying these definitions, then, it appears defendant could be charged under either § 2252A(a)(2)(A) or § 2252A(a)(5)(B) for the very same conduct, but face vastly different penalties, leaving the decision up to the individual prosecutor.

Defendant contends that the legislative history supports his theory that "receipt" requires some intent to share beyond mere possession, and premises his argument on the progression of amendments to the law. Defendant concludes from the legislative history that Congress amended the law because it wanted to reach individuals who receive and distribute child pornography through trade or gift.

Finally, because he believes the statute is ambiguous, defendant asks that I apply the rule of lenity and construe the statute in his favor.

In response to these arguments, the government relies heavily on United States v. Morhbacher, 182 F.3d 1041 (9th Cir. 1999). In that case, the Ninth Circuit accepted the defendant's argument that downloading unlawful images constituted receipt of child pornography under subsection two, as opposed to transporting or shipping images under subsection one. While the court, in dicta, stated, "An individual who downloads material takes possession or accepts delivery of the visual image; he has therefore certainly received it," 182 F.3d at 1048, the

case offers little analytical assistance in resolving the question at issue here because the court accepted the defendant's assertion that his conduct constituted receipt.

Nevertheless, Morhbacher's conclusion that downloading pornography constitutes "receipt," together with two later Ninth Circuit decisions, precludes the success of defendant's arguments in this court. For example, in United States v. Romm, the court held that the caching of files, analogous to downloading images, constitutes both receipt and possession of child pornography. United States v. Romm, 455 F.3d 990, 1001 (9th Cir. 2006). In short, the court held, "Since Romm knowingly possessed the files in the internet cache, it follows that he also knowingly received them." Id. Similarly, United States v. Kuchinski, 469 F.3d 853, 861 (9th Cir. 2006) cited Romm's holding that downloading images constitutes both receipt and possession.

Defendant argues that neither Romm nor Kuchinski addressed the arguments he makes here, and contends that the cases are analytically flawed. While I think defendant makes compelling arguments, Morhbacher, Romm and Kuchinski control the outcome of defendant's motion. See Hart v. Massanari, 266 F.3d 1155, 1175 (9th Cir. 2001) (recognizing that one flaw of our "system of strict binding precedent" is that "the first panel to consider an issue and publish a precedential opinion occupies the field, whether or not the lawyers have done an adequate job of developing and arguing the issue").

II.    Whether Statute is Unconstitutionally Vague

Defendant argues alternatively that if the government's position is accepted, the statute is unconstitutionally vague. The applicable test is whether the law is so vague that "men of common intelligence must necessarily guess at its meaning and differ as to its application."

United States v. Lanier, 520 U.S. 259, 266 (1997).  Additionally, according to defendant, if it is ambiguous, the court must apply the rule of lenity.  Id.

In a vagueness analysis, "the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal."  Id. at 267.  As the government notes, and as I indicate above, the defendant's arguments are precluded by Ninth Circuit precedent, which has defined possession to include receipt, and which accepted as early as 1999 that downloading unlawful images constitutes receipt of child pornography.  This is sufficient notice to defendant that his conduct was forbidden.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss Count One (#32) is denied.

IT IS SO ORDERED.

Dated this _____23rd_____ day of July, 2007.

         ___/s/ Garr M. King_____
         Garr M. King
         United States District Judge